UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JABBAR WITHROW, a/k/a
LaShawn Withrow,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          03-CV-6284L

                    v.

GLENN S. GOORD, et al.,

                              Defendants.
_____


      Plaintiff, Jabbar Withrow, appearing *pro se*, commenced this action under 42 U.S.C. § 1983.

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services

("DOCS"), alleges that defendants, all of whom were at all relevant times employed by DOCS,

violated his constitutional rights in a number of respects while plaintiff was confined at Attica

Correctional Facility in 2001.  Seven of the thirteen defendants–Glenn S. Goord, Lucien LeClaire,

James Kennedy, Randy James, Sheryl Stewart, Gordon Biehl, and Donald Selsky–have moved for

summary judgment dismissing the claims against them.  They also contend that plaintiff's claims

against another defendant, Victor Herbert, should be dismissed because Herbert has never been

served in this action.  For the reasons that follow, defendants' motion is granted in part and denied

in part.

**DISCUSSION**

**I. Due Process Claims**

As a result of an incident involving plaintiff and some correctional officers on November 14, 2001, misbehavior reports were filed against plaintiff, and a hearing on the charges was held in late November and early December.  Plaintiff alleges that he was denied due process in connection with that hearing because the hearing officer, defendant Kennedy, refused to turn over certain documents that plaintiff had requested.  This claim is meritless.  The evidence shows that nearly all of the documents that plaintiff had requested were produced, except for photographs and records of the officers' injuries, which were denied for reasons of security.  *See* Hearing Transcript ("Tr."), Declaration of Donald Selsky (Dkt. #39), Ex. G at 3.

A "prisoner's right to call witnesses and present evidence in disciplinary hearings could be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'"  *Ponte v. Real*, 471 U.S. 491, 495 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).  *See also Sira v. Morton*, 380 F.3d 57, 75 (2d Cir. 2004) (when disclosure of evidence presents security risks, hearing officers may properly decline to inform an inmate of the evidence).

Here, it was not unreasonable for the hearing officer to decide (apparently pursuant to DOCS policy, *see* Tr. at 3), that for reasons of institutional security an inmate should not be privy to correction officers' physical condition or medical records.  At any rate, this Court will not second-guess prison authorities' decisions concerning security risks, as long as there is some rational basis for those decisions.  *See Block v. Rutherford*, 468 U.S. 576, 588 (1984); *see also Sira*, 380 F.3d at

75 ("Courts will not readily second guess the judgment of prison officials with respect to such matters").

Furthermore, "only a minimum amount of process is due" in a prison disciplinary hearing. *Lowrance v. Achtyl*, 20 F.3d 529, 536 (2d Cir. 1994).  As long as the inmate receives advance written notice of the disciplinary charges, "an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense," and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, the requirements of due process are met.  *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985).  Those conditions have been met in this case, and plaintiff therefore received all the process that was due.

Plaintiff also appears to argue that there were other defects in the hearing process, such as a failure to render a timely decision and inadequate assistance.  None of these warrant extended discussion.  For the most part the record does not support these allegations, and to the extent that there is any evidence supporting these allegations, it does not show conduct arising to the level of a due process violation, nor is there any indication that plaintiff was in any way prejudiced by any procedural defects.

## II. Lack of Personal Involvement of Defendants Goord, LeClaire, Selsky and James

Defendants Goord, LeClaire, Selsky and James contend that plaintiff's claims against them should be dismissed for lack of personal involvement.  I agree.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).  Personal involvement may be shown by evidence that:  (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, plaintiff's allegations of personal involvement by these defendants are based largely on the fact that he had written letters to them complaining about threats to his safety, which he claims they ignored.  "However, the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement."  *Shell v. Brzezniak*, 365 F.Supp.2d 362, 374 (W.D.N.Y. 2005); *see*, *e.g.*, *Thomas v. Coombe*, No. 95 Civ. 10342, 1998 WL 391143, *5 (S.D.N.Y.  July 13, 1998); *Gayle v. Lucas*, No. 97 Civ. 0883, 1998 WL 148416, at *4 (S.D.N.Y. Mar. 30, 1998); *Higgins v. Coombe*, No. 95 Civ. 8696, 1997 WL 328623, at *11 (S.D.N.Y. June 16, 1997).

Likewise, "[w]here a supervisor's involvement in a prisoner's complaint is limited to forwarding of correspondence to appropriate staff, the supervisor has insufficient personal involvement to sustain a § 1983 cause of action."  *Liner v. Goord*, 310 F.Supp.2d 550, 555 (W.D.N.Y. 2004).  *See, e.g.*, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (summary judgment affirmed where commissioner referred plaintiff's letter to the prison superintendent); *Garvin v. Goord*, 212 F.Supp.2d 123, 126 (W.D.N.Y. 2002) (granting summary judgment to DOCS Commissioner based on lack of personal involvement); *Farid v. Goord*, 200 F.Supp.2d 220 (W.D.N.Y. 2002) (dismissing action against DOCS Commissioner and prison superintendent for lack of personal involvement where plaintiff merely sent petition to them and each referred the petition down the chain of command for investigation).  Since it appears that most of the actual investigation of plaintiff's complaints was undertaken not by defendants but by members of their staffs, plaintiff's claims against them must be dismissed for this reason as well.

In addition, while it does appear that, after plaintiff was found guilty of the misbehavior charges stemming from the November 14 incident, defendant James signed several orders directing that plaintiff by handcuffed from behind whenever he was outside his cell, *see* Plaintiff's Rule 56 Statement (Dkt. #46) Ex. B, there is no evidence to support plaintiff's allegation that James did so out of any retaliatory motives, or that he knew that (as plaintiff alleges) those charges had been brought for retaliatory reasons. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (noting that "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike," and that a "complaint of retaliation that is wholly conclusory can be dismissed on the pleadings alone") (internal quotes omitted).

In short, there is no evidence that Goord, LeClaire, Selsky or James participated in any of the alleged violations of plaintiff's rights, that they knew of but failed to act on information about such violations, or that they were grossly negligent in supervising any subordinates who committed the wrongful acts.  These defendants are therefore entitled to summary judgment.

### III. Eighth Amendment Claims Against Defendants Stewart and Biehl

Plaintiff alleges that defendants Sheryl Stewart and Gordon Biehl, who at all relevant times were respectively a nurse and a DOCS sergeant at Attica, violated his Eighth Amendment rights through their deliberate indifference to plaintiff's medical needs following the November 14 altercation between plaintiff and the correctional officers.  I find that these defendants are also entitled to summary judgment.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)).  *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

As to the "deliberate indifference" component, the Supreme Court has explained that this standard includes both an objective and a subjective element. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). In addition, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

In the case at bar, the unrefuted evidence shows that Biehl simply escorted plaintiff to the emergency room, where he was seen by nurse Stewart. Although plaintiff alleges that Biehl told Stewart to ignore plaintiff's complaints of pain, the record also shows that Stewart did examine and treat plaintiff. *See* Declaration of Sheryl Stewart (Dkt. #40), Exs. A-C. Although plaintiff may not consider that care to have been adequate or correct, that difference of opinion does not give rise to an Eighth Amendment Claim. *See Evan v. Manos*, 336 F.Supp.2d 255, 263 (W.D.N.Y. 2004).

**IV. Claims Against Defendant Herbert**

Defendants contend that plaintiff's claims against defendant Victor Herbert should be dismissed because he has never been served in this action.  In response, plaintiff asks the Court to grant him an extension of time to serve Herbert pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]  In light of plaintiff's *pro se* status, his request for an extension is granted, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

The motion for summary judgment (Dkt. #32) on behalf of defendants Glenn S. Goord, Lucien LeClaire, James Kennedy, Randy James, Sheryl Stewart, Gordon Biehl, and Donald Selsky is granted.  Plaintiff's claims against those defendants are dismissed with prejudice.  To the extent that defendants move to dismiss plaintiff's claims against defendant Victor Herbert under Fed. R. Civ. P. 4(m), the motion is denied.

Plaintiff's "motion for partial summary judgment" (Dkt. 45) is granted in part and denied in part.  Plaintiff shall have 120 days from the date of entry of this Decision and Order within which to serve defendant Herbert.  The Clerk of the Court is directed to cause the United States Marshal

---

[1]Rule 4(m) provides in pertinent part that:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

to serve copies of the summons, complaint and this order upon defendant Herbert.  In all other

respects, plaintiff's motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 27, 2005.